UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLYLE A. BYRON,
Plaintiff,

– against –

GENOVESE DRUG STORES, INC.,
d/b/a RITE AID,
Defendant.

MEMORANDUM &
ORDER

10-CV-03313



**JACK B. WEINSTEIN, Senior United States District Judge:**

I. Introduction .................................................................................................................... 2
II. Jurisdiction...................................................................................................................... 2
III. Facts................................................................................................................................ 3
IV. Law ................................................................................................................................. 4
   A.    Stay Proceedings ...................................................................................................... 4
   B.    FLSA ........................................................................................................................ 5
V. Application of Law to Fact............................................................................................. 6
VI. Dismissal of Plaintiff's Remaining Claims .................................................................... 7
VII. Conclusion ...................................................................................................................... 9



## I. Introduction

Carlyle Byron sues Genovese Drug Stores, Inc., d/b/a Rite Aid ("Defendant" or "Rite Aid"), alleging 1) discriminatory employment practices under the New York City Human Rights Law § 296 (NYCHRL); 2) failure to pay overtime wages in violation of the federal Fair Labor Standards Act § 216 (FLSA); and 3) failure to pay overtime wages in violation of New York Codes, Rules, and Regulations Title 12, §§ 138 et seq. (NYCRR). Defendant moves for summary judgment.

Plaintiff is a member of the class in a previously filed collective action seeking essentially the same relief under the federal statute, FLSA § 216. *See Shirley Craig v. Rite Aid*, Civil Action No. 08-cv-2317 (action filed Dec. 29, 2008) (M.D. Pa). That suit challenges Rite Aid's characterization of its Assistant Managers as "bona fide executive, administrative, or professional" employees, exempted from FLSA's overtime provisions. Because the parties and claims are identical, pursuant to the "prior pending suit" doctrine, plaintiff's federal claim is dismissed without prejudice.

Plaintiff also seeks compensation for overtime wages in violation of NYCRR Labor Law § 142 and compensatory and punitive damages under NYCHRL for discriminatory employment practices. Both of these claims turn on New York State and New York City Law. Supplemental jurisdiction is declined; both non-federal claims are dismissed without prejudice. 28 U.S.C. § 1367(c)(3).

## II. Jurisdiction

A federal court has subject matter jurisdiction over cases involving a federal question, 28 U.S.C. § 1331 (2011), or diverse parties, 28 U.S.C. § 1332 (2011). It may also exercise

supplemental jurisdiction over claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.

The parties are not diverse. Plaintiff is a citizen of New York. See Stahl Decl., Ex. A (Byron Dep.) 8:1-23; Compl. ¶ 2. Defendant also "resides" in New York. See 28 U.S.C. § 1332(c)(1); Compl. ¶ 3; Ans. ¶ 3 (Rite Aid of New York, Inc. is a New York corporation with a principal place of business in State of Pennsylvania). Diversity jurisdiction under 28 U.S.C. § 1332 does not lie.

Supplemental jurisdiction would support a decision to rule on the state claims in this court. See 28 U.S.C. § 1331; id. § 1367(a). The plaintiff's claims arise from the same case or controversy. Cf. Shahriar, et al. v. Smith & Wollensky, No. 10-1884-cv, slip op. at 4397(2d Cir. Sept. 26, 2011) (finding supplemental jurisdiction proper over New York Labor Law overtime claim where similar FLSA claim was also alleged). Nevertheless, supplemental jurisdiction is denied in the exercise of the court's discretion since it has invested no time in adjudicating the state claims.

### III. Facts

On April 26, 2010, plaintiff Carlyle Byron consented to become a named party plaintiff in *Shirley Craig v. Rite Aid*, Civil Action No. 08-cv-2317, a collective action filed on December 29, 2008 in the Middle District of Pennsylvania. See Brown Decl., Ex. E (Consent to Become a Party Plaintiff). *Shirley Craig* is a collective action seeking overtime compensation for Rite Aid's Assistant Store Managers. See Brown Decl., Ex. C (Amended Collective Action Compl.) ¶¶ 1-2. The complaint challenges Rite Aid's classification of its Assistant Store Managers as exempt from the FLSA's overtime pay requirement. See id. ¶¶ 1, 13; Brown Decl., Ex. D (Memo to Certify Class Conditionally).

The instant action was filed in the Eastern District of New York on July 20, 2010. Plaintiff was therefore a named plaintiff in *Shirley Craig* before the Eastern District of New York was apprised of the dispute. *See Shahriar*, No. 10-1884-cv, slip op. at 4393, n.5 (indicating plaintiffs opting into FLSA collection action are named plaintiffs in suit); 7B CHARLES ALAN WRIGHT, ET. AL. FED. PRAC. & PROC. CIV. § 1807 (3d ed. 2011) (distinguishing FLSA collective actions and Rule 23 class suits because of the opt out provision, noting that "every plaintiff who opts in a collective action has party status, whereas unnamed class members in Rule 23 class actions do not").

## IV. Law

### A. Stay Proceedings

It is a "well-settled principle in this Circuit that where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience...or...special circumstances giving priority to the second," and that in the absence of such showing, the case is properly dismissed without prejudice. *First City Nat. Bank and Trust Co v. Simmons*, 878 F.2d 76 (2d Cir. 1989) (internal citations and quotations omitted). The power to stay the proceedings or dismiss without prejudice may be exercised by a district court, *sua sponte*. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

Efficiency supports staying or dismissing a claim when there is a pending suit raising the same issues and claims. First, courts should generally aim to avoid duplicative litigation and, in so doing, foster judicial economy. *See Lexico Enterprises, Inc. v. Cumberland Farms, Inc.*, 686 F. supp. 2d 221, 224 (E.D.N.Y 2010) ("The general rule among federal district courts is to avoid

duplicable litigations..." and "[t]he power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation'" (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co*, 342 U.S. 180, 183 (1952)); *Curtis v. DiMaio*, 46 F. supp. 2d 206, 214 (E.D.N.Y. 1999), *aff'd* 205 F.3d 1322 (2d Cir. 2000) ("It is well established the federal district courts possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases."). Second, the practice of dismissing or staying a duplicative suit protects parties from having to litigate the same issue in multiple venues. *See Lexico Enterprises*, 686 F. supp. 2d at 224. (noting doctrine protects parties from "the vexation of concurrent litigation over the same subject matter" (quoting *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991)); *Federal Ins. Co v. Kingsbury Properties, Ltd*, 1992 WL 178588, at *2 (S.D.N.Y. July 14, 1992) (noting that doctrine avoids piecemeal litigation). Third, considerations of comity weigh heavily in favor of dismissing or staying a proceeding. *See Peck v. U.S.*, 522 F. Supp. 245, 247 (S.D.N.Y. 1981)

The application of the "prior action pending" or "other suit pending" doctrine requires that there be "the same rights asserted and the same relief prayed for" and the relief "must be founded upon the same facts." *Haytian Republic*, 154 U.S. 118, 123-24 (1894), *cited by DiMaio*, 46 F. supp. 2d at 215. Although district courts have discretion to determine whether one action is duplicative, actions are considered duplicitous where the "claims, parties, and available relief do not significantly differ between the actions." *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000); *DiMaio*, 46 F. supp. 2d at 214.

**B. FLSA**

Section 207(a)(1) of the Fair Labor Standards Act (FSLA) requires an employer to pay its employees overtime wages. Id. § 207. Under that section, employers must pay employees at a

rate of not less than one and one-half times the employee's regular rate for hours worked in excess of forty hours per week. Id § 207(a). The statute's time-and-a-half overtime requirement includes an exemption for "any employee employed in a bona fide executive, administrative, or professional capacity...." 29 U.S.C. § 213.

## V.  Application of Law to Fact

The central issue in *Shirley Craig* is not whether plaintiff did in fact work overtime, but rather whether plaintiff, as a Co-Manager or Assistant Manager of a Rite Aid store, falls within the FLSA exemption for bona fide executive, administrative or professional employees. 29 U.S.C. § 213 (2004).

Here, the parties are identical for practical purposes. The fact that the *Shirley Craig* action involves many named plaintiffs does not negate duplication; Mr. Byron is still a named plaintiff in both suits. *See Howard v. Klynveld PeatMarwick Goerdeler*, 977 F. supp. 654, 664 (S.D.N.Y. 1997), *aff'd* 173 F.3d 844 (2d Cir. 1999) (finding an action duplicative where it asserted "virtually identical" claims as those in the original action against the company even though the later lawsuit named additional individual defendants.). Although defendant in this case is Rite Aid of New York and the defendant in *Shirley Craig* is Rite Aid Corporation, identity of parties under the doctrine of claim preclusion and the rule against duplicative litigation is met when parties are in privity. As a wholly-owned subsidiary, it cannot be found that these two entities are so distinct as to warrant duplicative litigation. *See Rezzonico v. H&R Block, Inc.*, 182 F.34 144, 148 (2d Cir. 1999), *cert. denied* 182 F.3d 144 (2000) (providing framework and standards for claim preclusion); *Curtis*, 226 F.3d 133, 138-40 (using claim preclusion framework to assess whether dismissal for duplicative litigation is appropriate); *Barash v. Northern TrustCorp.*, No. 07-cv-5208, 2009 WL 605182, at *6 (E.D.N.Y. Mar. 6,

2011) (noting where "Northern Trust Florida is a wholly-owned subsidiary of Northern Trust Corporation," distinction between two parties is insignificant for *res judicata* analysis); *Lufti v. Dow Jones*, 95 Civ. 8779, 1996 WL 343065, at *2 (S.D.N.Y. June 20, 1996) (noting that "a corporate parent is deemed to be in privity with its subsidiary" for *res judicata* purposes "when it sufficiently represents that subsidiary's interests") (citations and internal quotations omitted), *aff'd*, 107 F.3d 3 (1997).

Finally, the relief sought in the two litigations, unpaid overtime compensation, is identical to the relief sought in *Shirley Craig*.

Judicial economy and comity warrant a dismissal of plaintiff's FLSA claim without prejudice. *Lexico Enterprises, Inc. v. Cumberland Farms, Inc.*, 686 F. supp. 2d 221, 224 (E.D.N.Y. 2010) (dismissing claim where identical parties and claim were raised in an already pending federal suit).

## VI.    Dismissal of Plaintiff's Remaining Claims

Where a district court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), it may decline to exercise it if "all claims over which it has original jurisdiction," have been dismissed. 28 U.S.C. § 1367(c)(3); *see Shahriar*, No. 10-1884-cv, slip op. at 4399 (indicating "discretion to decline supplemental jurisdiction is available *only if* founded upon an enumerated category of subsection 1367(c)" (quoting *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998)).

The concept of supplemental jurisdiction, codified in 28 U.S.C. 1367 in 1990, has its origins in the judicial doctrine of pendent jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). In *Gibbs*, the Supreme Court held that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring

for them a surer-footed reading of applicable law," 383 U.S. at 726; *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004) ("[W]here at least one of the subsection 1367(c) factors is applicable, a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in *Gibbs*: economy, convenience, fairness and comity."). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 349-50, n.7 (1988); *see also Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) (concluding same factors point to dismissal of claims).

Plaintiff's claims alleging violations of NYCHRL and NYCRR Labor Law turn solely on state and local law. The NYCRR Labor Law overtime claim has a statute of limitations of six years. NYCRR tit. 12, § 663(3). Even if the period started on plaintiff's first day as Assistant Manager, the limitations period would not run until September 2014. *See* Stahl Decl. ¶ 23 (noting Byron's employment as Assistant Manager started in September 2008); Brown Decl., Ex. A (Byron Dep,, 24: 12-22) (same); Byron Aff. ¶ 3 (same). Plaintiff's NYCHRL claim has a limitations period of three years. N.Y. C.P.L.R. § 214(2). Plaintiff suffered the last and alleged adverse employment action in April 2010 when plaintiff was terminated. *See* Stahl Decl., Ex. A (Byron Dep., 149:24-151:25); Ally Decl. ¶¶ 26-27. Therefore, the limitations period, at the earliest, would run in April 2013.

A dismissal without prejudice at this stage, before trial and before the relevant state limitations period has run is consistent with the *Gibbs* rationale. *See, e.g., Karmel v. Claiborne*, 2002 WL 1561126, at *3-*4 (S.D.N.Y. July 15, 2002) (declining jurisdiction over NYSHRL

claim after dismissal of federal Age Discrimination Act claim); *cf. .Kolari v. New York Presbyterian Hosp.*, 455 F.3d 118, 123-24 (2d Cir. 2006) (finding district court abused discretion for exercising supplemental jurisdiction over unrelated state claims after federal claims dismissed).

## VII. Conclusion

All claims are dismissed without prejudice. No costs or disbursements are granted.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: October 12, 2011
       Brooklyn, New York